NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2010[*]
Decided April 7, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3396

| | |
|---|---|
| TONICIA BOSTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 06-3166 |
| | |
| MEMORIAL MEDICAL CENTER, | Jeanne E. Scott, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Tonicia Boston sued Memorial Medical Center under the Americans with Disabilities Act, claiming that her former employer failed to accommodate her disability. *See* 42 U.S.C. §§ 12112(a), (b)(5)(A). The district court concluded that Boston was not disabled under the ADA and granted summary judgment against her; in the alternative, the district court reasoned, Boston had not shown that Memorial failed to accommodate her disability. Boston appeals, but we affirm the judgment. Although we think that Boston presented sufficient evidence to survive summary judgment on the question whether she is disabled under the

---

[*]We GRANT the plaintiff-appellant's unopposed motion to waive oral argument. The appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(f).

ADA, we agree with the district court that she did not show that Memorial refused to accommodate her disability.

Boston was working for Memorial as a registered nurse when she suffered an on-the-job injury that resulted in a chronic back condition. As a result, she testified at her deposition, she could bathe by herself only "occasionally." Keeping in mind that we are reviewing a grant of summary judgment, we construe the somewhat ambiguous deposition testimony in the light reasonably most favorable to Boston as the non-moving party. At least a few times per week she required the assistance of her mother or young daughter, she explained, and "occasionally" she would not be able to bathe at all. Likewise, Boston said, she was able to prepare her own meals only once or twice a week and otherwise relied on her mother. And only rarely was she able to clean her house, Boston complained. But, she admitted, she could perform some daily chores without any assistance at all, including dressing herself, driving to work, and walking from the parking lot to her office.

Memorial concluded that a registered nurse's duties were too physically demanding for someone with Boston's condition and granted her request to work as a clinical case manager instead. In January 2005, Boston began to train for her new position, which required a lot of sitting. The constant sitting aggravated her condition, so she asked Julie Meyers, her supervisor, if she could take occasional breaks. Meyers apparently did not grant Boston's request. In March Boston asked Meyers if she could work fewer hours during an upcoming shift because her back was acting up. Meyers told Boston that, unless she was sick, she needed to work the hours she was scheduled.

Memorial issued a written warning regarding Boston's performance the following week. The warning identified four areas of concern—Boston took too many breaks, called in sick excessively, communicated uncivilly with other employees, and often did not follow proper procedures. In response to Memorial's accusation that she took too many breaks, Boston submitted notes from two doctors explaining that her chronic back condition required an accommodation. One doctor advised that, once every hour or two, Boston should stand and move around for about five minutes; the other doctor advised that Boston should avoid sitting for more than one to two hours at a time. A Memorial employee wrote "OK" on each note, and Memorial did not discipline Boston again. Indeed, Boston testified at her deposition that she made "a good effort" to comply with her doctors' instructions. A few weeks later, Meyers told Boston that she could begin working eight-hour shifts instead of twelve-hour shifts. However, after submitting her doctors' notes, Boston's attendance plummeted—she called in sick fourteen times and worked only twelve shifts before resigning at the beginning of June.

Boston sued, alleging that Memorial ran afoul of the ADA by failing to accommodate her disability. See 42 U.S.C. §§ 12112(a), (b)(5)(A). The district court granted summary judgment for Memorial, concluding that Boston was not disabled under the ADA because her physical impairment did not substantially limit a major life activity. See *id.* § 12102(1)(A). Boston had argued that she was substantially limited in the major life activities of caring for herself and performing manual tasks. See 29 C.F.R. § 1630.2(i), (j). But the district court thought that Boston's case was indistinguishable from *Squibb v. Memorial Medical Center*, 497 F.3d 775, 784 (7th Cir. 2007), which held that a plaintiff who could only occasionally cook, clean, and shop for groceries—but could drive, bathe, brush her teeth, and dress herself—was not substantially limited in the major life activity of caring for herself. The district court reasoned in the alternative that, even if Boston were disabled, she had not shown that Memorial failed to accommodate her disability.

Boston argues on appeal that she is disabled under the ADA; *Squibb* is distinguishable, she says, because, unlike the plaintiff in that case, she is only occasionally capable of bathing herself. We think she has presented sufficient evidence that she is disabled at least to survive a motion for summary judgment. The Supreme Court has identified bathing in particular as an activity that is "of central importance to people's daily lives" and that a court must consider when assessing whether a plaintiff is disabled under the ADA. See *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 202 (2002). In *Squibb* we examined the daily tasks that the plaintiff could perform in light of the daily tasks she could not perform; our evaluation convinced us that, given what she *could* do, she was not severely restricted in the major life activity of caring for herself. 497 F.3d at 784. But in view of modern norms in American culture, the balance changes significantly when an employee is not able to bathe on her own but needs help or must go without. The relevant deposition testimony is somewhat ambiguous, but as the non-moving party, Boston is entitled to the benefit of reasonable doubts. Given the individualized inquiry that the ADA requires, see *EEOC v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008), Memorial was not entitled to summary judgment on the ground that Boston was not a qualified individual with a disability.

But Boston's claim still fails because she has not shown that Memorial failed to accommodate her. Memorial first accommodated her back condition by offering her a new job that was not as physically demanding as her old job. See *Mays v. Principi*, 301 F.3d 866, 871, 872 (7th Cir. 2002). When even the less-demanding duties of her new position caused her condition to act up, Memorial responded to Boston's request for an additional accommodation by permitting her to take more frequent breaks. Contrary to Boston's assertions in her brief, there is no evidence in the record that Memorial refused to permit these additional breaks once it understood the medical necessity or that Boston thought she would jeopardize her job by taking the breaks and so suffered in silence instead. In fact Boston acknowledged in her

deposition testimony that she made "a good effort" to take more frequent breaks at work and was not disciplined by Memorial after she gave Meyers a copy of her doctors' orders.

Boston argues that Memorial did not engage her in the "interactive process" contemplated by 29 C.F.R. § 1630.2(o)(3) to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." But even if Boston is correct, Memorial's failure does not, by itself, entitle her to relief. See *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir. 2001). She must also show the existence of a reasonable accommodation that, because there was no interactive process, she did not obtain. See *Mays*, 301 F.3d at 870; *Ozlowski*, 237 F.3d at 840. The only accommodation she has identified, however, is taking more frequent breaks. The undisputed evidence in the record shows that Memorial permitted these breaks, and Boston nevertheless resigned after a few more weeks of work. If Memorial erred in some way in handling Boston's request for an accommodation, and we do not believe that it did, any such error was harmless. See *Mays*, 301 F.3d at 871.

AFFIRMED.